**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FCCI INSURANCE CO.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:20-00219-KD-MU** |
| | ) | |
| **MARIO FLOOD,** *et al.,* | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on a motion to dismiss filed by Defendants Anthony Allo and Brook Allo (Doc. 23), Plaintiff's Response (Doc. 26), and these Defendants' Reply (Doc. 28).

This action stems from a May 19, 2019 motor vehicle accident involving Mario Flood and Anthony Allo. As alleged, Flood was operating a Ford F250 truck owned by M&K and covered under a commercial automobile policy issued by Plaintiff FCCI Insurance Company (FCCI) when his vehicle collided with a vehicle operated by Allo, resulting in personal injuries. On July 25, 2019, Flood was convicted of a charge of unauthorized use of M&K's Ford F250 truck; he was sentenced to six months in jail, which was suspended, and he was placed on probation for 24 months and ordered to pay restitution to M&K. On August 1, 2019, Allo and Brooke Allo filed litigation against Flood and M&K in the Circuit Court of Mobile County, Alabama (02-CV-2019-902088.00 -- the underlying lawsuit). In the underlying action, the Allos assert claims of negligence, wantonness, and negligent and/or wanton entrustment, and seek compensatory damages and punitive damages. FCCI is currently providing Flood with a defense in that underlying action, subject to a full reservation of rights.

However, a dispute has arisen as to whether Flood is entitled to a defense and indemnification as to the claims in the underlying action. FCCI asserts that, based on the terms, conditions, and exclusions contained in the policy, Flood is not entitled to a defense in the underlying lawsuit or

1

indemnification against settlement, award, or judgment.   Thus, on April 14, 2020, FCCI filed a Complaint for Declaratory Judgment in this case. (Doc. 1). FCCI requests that this Court grant declaratory judgment and find that it owes no obligation to defend or indemnify Flood in the underlying state action. To date, Flood has been served, but has not responded to the Complaint, and the Clerk has entered a Default against him for failure to appear or otherwise defend.  (Doc. 27).

Presently, the Allos move to dismiss this case based on the *Declaratory Judgment Act* (28 U.S.C. § 2201) and on the basis of the Wilton–Brillhart abstention doctrine.[1]   In response, FCCI contends the motion is untimely, and that abstention does not apply because there is not a parallel court action.  As this Court noted in Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC, 101 F. Supp.3d 1186, 1189-1190 (S.D Ala. 2015): "[f]or purposes of Wilton/Brillhart abstention, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." ...When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if "(1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of

---

1 As summarized in Great Lakes Inc. SE v. Dunklin, 2021 WL 27688, *5 (S.D. Ala. Jan 4. 2021):

This species of abstention is designed to assist district courts in balancing state and federal actions in determining whether to exercise their discretion to make a declaration of rights under the Declaratory Judgment Act. *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005). Indeed, *Wilton* was a case in which the Supreme Court "characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 ... (1995) (citations omitted). Likewise, *Brillhart* was a case in which the Supreme Court opined that it would be "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 ... (1942). When the Eleventh Circuit considered these two Supreme Court decisions together in *Ameritas*, it "furnished district courts with guidance in how to wield their *Wilton / Brillhart* discretion under the Declaratory Judgment Act in the presence of parallel state proceedings." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. King*, 2012 WL 280656, *3 (S.D. Ala. Jan. 30, 2012).

insurance coverage." ...").[2]  Stated simply: "[b]ecause the state court action involves issues regarding ..... liability, and [the insurer's].... declaratory judgment action concerns only ..... insurance coverage, the state court action cannot be considered 'parallel.' .... For these reasons, abstention is not appropriate[]"(internal citations omitted)). Great American Alliance Company v. Bravo Food Service LLC, 2019 WL 6219143, *6 (N.D. Ala. Nov. 21, 2019). Additionally, the motion is due to be denied based for those reasons stated in FCCI's opposition (Doc. 26).  In sum, as noted in Kenny Hayes, *supra* at 1190: "[w]hat exists here are not parallel state court proceedings, but merely related state court proceedings. *See Essex Ins. Co. v. Foley,* 2011 WL 290423, at *2 (S.D.Ala. Jan. 27, 2011). This lack of parallelism weighs strongly against this Court's dismissal of the declaratory judgment action.").

Thus, it is **ORDERED** that the motion to dismiss filed by Defendants Anthony Allo and Brook Allo (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** this the **5th** day of **February 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

2 See also e.g., Pennsylvania Nat. Mut. Cas. Ins. Co. v. King, 2012 WL 280656, 3-4 (S.D. Ala. Jan. 30, 2012) ("considerable precedent supports the notion that a *Wilton/Brillhart* analysis does not even apply in the absence of parallel litigation....'[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.' ..... *Essex Ins. Co. v. Foley,* 2011 WL 290423, *2 n. 4 (S.D. Ala. Jan. 27, 2011) ('Where the declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage.') (citation and internal quotation marks omitted). Here, of course, ...[the insurer] is not a party to the ...[state court] litigation, which involves issues concerning .... liability ... as opposed to the insurance coverage issues presented in this action. Substantially the same parties are not litigating substantially the same issues in both federal and state courts. As there is plainly no parallel litigation, the .... *Wilton/Brillhart* analysis is flawed from its inception[]").